UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| MARY GARCIA, | Civil Action No.: 18-13487 |
| | Honorable Stephen J. Murphy, III |
| Plaintiff | Magistrate Judge Elizabeth A. Stafford |
| v. | |
| ANDREW W. SAUL, COMMISSIONER OF SOCIAL SECURITY,[1] | |
| Defendant. | |

_____/

**REPORT AND RECOMMENDATION ON CROSS-MOTIONS FOR SUMMARY JUDGMENT [ECF. NOS. 13, 18]**

Plaintiff Mary Garcia appeals the final decision of defendant Commissioner of Social Security (Commissioner), which denied her application for disability insurance benefits (DIB) and supplemental security income (SSI) under the Social Security Act. Both parties have filed summary judgment motions, referred to this Court for a report and recommendation under 28 U.S.C. § 636(b)(1)(B). After review of the record, the Court finds that the administrative law judge's (ALJ) decision violated the treating physician rule and thus **RECOMMENDS** that:

---

[1] Under Federal Rule of Civil Procedure 25(d), Saul is the successor defendant.

- Garcia's motion [ECF No. 13] be **DENIED**;

- the Commissioner's motion [ECF No. 18] be **GRANTED**; and

- the ALJ's decision be **AFFIRMED** under sentence four of 42 U.S.C. § 405(g).

## I. BACKGROUND

### A. Garcia's Background and Disability Applications

Born May 13, 1983, Garcia was 29 years old, a younger individual, on the alleged disability on-set date of June 30, 2012. [ECF No. 7-2, PageID.48, 58]. She had past relevant work as a shift manager and a cashier. [*Id.*, PageID.58]. Garcia claimed disability from anxiety, PTSD, depression, back pain, diabetes, neuropathy bilateral legs, obesity, high blood pressure, high cholesterol, signs of stroke, asthma and migraines. [ECF No. 7-3, PageID.89-90, 93].

After the hearing, during which Garcia and a vocational expert (VE) testified, the ALJ found Garcia not disabled. [ECF No. 7-2, PageID.48-60, 65-85]. The Appeals Council denied review, making the ALJ's decision the final decision of the Commissioner. [*Id.*, PageID.34-36]. Garcia timely filed for judicial review. [ECF No. 1].

## B.    The ALJ's Application of the Disability Framework Analysis

A "disability" is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A); 1382c(a)(3)(A).

The Commissioner determines whether an applicant is disabled by analyzing five sequential steps.  First, if the applicant is "doing substantial gainful activity," he or she will be found not disabled. 20 C.F.R. §§ 404.1520(a)(4); 416.920(a)(4).[2]  Second, if the claimant has not had a severe impairment or a combination of such impairments[3] for a continuous period of at least 12 months, no disability will be found.  *Id.*  Third, if the claimant's severe impairments meet or equal the criteria of an impairment set forth in the Commissioner's Listing of Impairments, the claimant will be found disabled.  *Id.*  If the fourth step is reached, the Commissioner considers its assessment of the claimant's residual functional capacity (RFC), and will find the claimant not disabled if he or she can still do past

---

[2] Sections 1520(a)(4) and 920(a)(4), which pertain to DIB and SSI respectively, list the same five-step analysis.
[3] A severe impairment is one that "significantly limits [the claimant's] physical or mental ability to do basic work activities."  § 1520(c).

3

relevant work.  *Id.*  At the final step, the Commissioner reviews the claimant's RFC, age, education and work experiences, and determines whether the claimant could adjust to other work.  *Id.*  The claimant bears the burden of proof throughout the first four steps, but the burden shifts to the Commissioner if the fifth step is reached.  *Preslar v. Sec'y of Health & Human Servs.*, 14 F.3d 1107, 1110 (6th Cir. 1994).

Applying this framework, the ALJ concluded that Garcia was not disabled.  At the first step, he found that Garcia had not engaged in substantial gainful activity since June 30, 2012.  [ECF No. 7-2, PageID.50]. At the second step, he found that Garcia had the severe impairments of "obesity, asthma, diabetes mellitus with neuropathy, major depressive disorder, panic disorder with agoraphobia, generalized anxiety disorder, and polysubstance abuse." [*Id.*].  Next, the ALJ concluded that none of her impairments, either alone or in combination, met or medically equaled the severity of a listed impairment.  [*Id.*, PageID.51-53].

Between the third and fourth steps, the ALJ found that Garcia had the RFC to perform light work except:

> she can never climb ladders, ropes and scaffolds, but may occasionally climb ramps and stairs.  She can frequently balance, stoop, kneel, crouch, and crawl.  She must avoid all exposure to extreme cold, heat, wetness, humidity, environmental irritants, and poorly ventilated areas.  She must avoid all exposure to unprotected heights.  The work is limited

4

> to simple, routine, repetitive tasks performed in a work environment free of fast paced production involving only simple work-related decisions with few, if any, workplace changes and only occasional interaction with coworkers and the general public.

[ECF No. 7-2, PageID.53]. At step four, the ALJ found that Garcia was not capable of performing her past relevant work as a shift manager and a cashier. [*Id.*, PageID.58]. At the final step, after considering Garcia's age, education, work experience, RFC and the testimony of the VE, the ALJ determined that there were jobs that existed in significant numbers that Garcia could perform, including positions as inspector, packer and laundry worker. [*Id.*, PageID.59].

## II. ANALYSIS

Under § 405(g), this Court's review is limited to determining whether the Commissioner's decision is supported by substantial evidence and was made in conformity with proper legal standards. *Gentry v. Comm'r of Soc. Sec.*, 741 F.3d 708, 722 (6th Cir. 2014). Substantial evidence is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007) (internal quotation marks and citation omitted). Only the evidence in the record below may be considered when determining

5

whether the ALJ's decision is supported by substantial evidence. *Bass v. McMahon*, 499 F.3d 506, 513 (6th Cir. 2007).

Garcia argues that the ALJ erred by failing to evaluate properly her mental RFC; according little weight to the opinion of treating psychiatrist, Jaswant Purohit, M.D.; and failing to articulate sufficiently his rationale for the RFC assessment. The Court finds that Garcia's arguments lack sufficient development and lack merit.

## A.

Garcia first asserts that the ALJ violated Social Security Ruling (SSR) 96-8p. That ruling requires ALJs to identify claimants' physical and mental limitations function-by-function, including the mental abilities "to understand, carry out, and remember instructions; use judgment in making work-related decisions; respond appropriately to supervision, co-workers and work situations; and deal with changes in a routine work setting." SSR 96-8p, 1996 WL 374184, *6 (1996). Garcia alleges that the ALJ failed to address specifically her ability to perform those mental abilities; she says that he merely referred to those abilities in his RFC assessment. [ECF No. 13, PageID.623]. This allegation is plainly untrue.

At step two, the ALJ concluded that Garcia had mild limitations in understanding, remembering or applying information and in adapting or

managing oneself; and had moderate limitations in interacting with others and in concentrating, persisting or maintaining pace. [ECF No. 7-2, PageID.52-52]. Addressing Garcia's abilities to understand, remember and apply information, the ALJ said that Garcia testified "that she could perform simple maintenance, prepare meals, pay bills, go to doctor's appointments, take medications without reminders, shop in stores, and drive." [*Id.*, Tr. 52]. Although the intake interviewer reported that Garcia showed poor memory when recalling dates, the ALJ noted that "the record shows that the claimant was able to provide information about her health, describe her prior work history, follow instructions from healthcare providers, respond to questions from medical providers, and demonstrate intact memory, thoughts and cognition." [*Id.*].

Discussing Garcia's ability to interact with others, the ALJ reported her statements that she could "maintain friendships, shop in stores, drive, spend time with friends and family, deal appropriately with authority, live with others, and attend appointments." [ECF No. 7-2, PageID.52]. The ALJ described the medical evidence as showing that Garcia "had a good rapport with providers," as being "described as pleasant and cooperative," as having "good interactions with non-medical staff" and as appearing "comfortable during appointments." [*Id.*]. So, while Garcia's socialization

7

had declined, "her ability to tolerate others while at home, in public, at doctor's appointments, as well as performing activities of daily living, demonstrates that her difficulties are no more than moderate." [*Id.*].

In finding that Garcia had moderate limitations in concentrating, persisting and maintaining pace, the ALJ reasoned that she said that she was "able to drive, prepare meals, perform household chores, watch television and movies, manage funds, and handle her own health care." [ECF No. 7-2, PageID.52]. The ALJ also cited the lack of evidence of testing assessing Garcia's concentration and attention. [*Id.*]. Instead, according to the ALJ, the record showed that Garcia could "maintain appropriate attention and concentration during testing, relate during examinations, recall information, perform simple calculations, and complete simple tasks, all of which indicate her difficulties with maintaining concentration, persistence, and pace are no more than moderate." [*Id.*].

The ALJ next found that Garcia had only mild limitations in her ability to adapt and manage herself, reasoning that she "admitted she could handle self-care and personal hygiene, care for her pet, perform household chores, manage her finances, and care for her son." [ECF No. 7-2, PageID.52-53]. The ALJ found that the evidence in the record showed Garcia "to have appropriate grooming and hygiene, no problem getting

8

along well with providers and staff, normal mood and affect, intact insight and judgment, and no problem with temper control." [*Id.*, PageID.52].

When explaining the basis for his RFC assessment, the ALJ made more findings about Garcia's abilities to perform work-related functions despite her severe mental impairments. [ECF No. 7-2, PageID.56]. He explained that Garcia's self-reports and a consultative psychological examination report showed that she could perform "simple, routine, repetitive, nonproduction paced tasks requiring simple work-related decision, few, if any, workplace changes, and occasional interaction with coworkers and the public." [*Id.*].

> Despite the ALJ's thorough discussion, Garcia's brief alleges:
>
> Nowhere in the ALJ's decision does he specifically outline Plaintiff's ability to understand, carry out and remember instructions; use judgment in making work-related decisions, respond appropriately to supervision, co-workers in work situations; and deal with changes in a routine work setting as well as what medical documentation he relied upon in coming to these conclusions.

[ECF No. 13, PageID.623]. This allegation is false and is a regurgitation of a meritless argument Garcia's counsel has made repeatedly. *See, e.g., Cooper v. Comm'r of Soc. Sec.*, No. CV 16-11567, 2017 WL 4925704, at *6 (E.D. Mich. Mar. 27, 2017), *adopted*, 2017 WL 3484494 (E.D. Mich. Aug. 15, 2017); *Ford v. Comm'r of Soc. Sec.*, No. CV 16-11725, 2017 WL

9

9477652, at *5 (E.D. Mich. Jan. 31, 2017), *adopted*, 2017 WL 908299 (E.D. Mich. Mar. 8, 2017); *Humphries v. Comm'r of Soc. Sec.*, No. 18-12123, 2019 WL 3244284, at *7 (E.D. Mich. June 25, 2019), *adopte*d, 2019 WL 3229132 (E.D. Mich. July 18, 2019); *Clear v. Berryhill*, No. CV 17-13836, 2018 WL 8345159, at *9 (E.D. Mich. Dec. 28, 2018), *adopted*, 2019 WL 1349615 (E.D. Mich. Mar. 26, 2019); *Baxter v. Comm'r of Soc. Sec. Admin.*, No. 1:17-CV-11960, 2018 WL 4474677, at *8 (E.D. Mich. July 24, 2018), *adopted,* 2018 WL 4468324 (E.D. Mich. Sept. 18, 2018).

Courts have rejected the same argument made here from Garcia's attorney both because the ALJ sufficiently addressed the claimant's functional ability and because the Sixth Circuit does not require a detailed function-by-function statement. *See, e.g.*, *Ford*, 2017 WL 9477652 at *6 (citing *Delgado v. Comm'r of Soc. Sec.*, 30 F.App'x 542, 547-48 (6th Cir. 2002)). And judges in this Court have warned Garcia's attorney about her "undeveloped and conclusory argument, which fails to supply record citations or analysis supporting a more restrictive mental RFC assessment,

such as further [concentration, persistence or pace] and social functioning restrictions." *Baxter,* 2018 WL 4474677 at *8.[4]

Garcia's brief here cites no evidence that the ALJ's analysis of her functional capacity was erroneous or that she requires a more restrictive RFC. "[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to ... put flesh on its bones." *McPherson v. Kelsey*, 125 F.3d 989, 995–96 (6th Cir. 1997)) (citation and internal quotation marks omitted). The Court finds Garcia to have waived any argument that the ALJ erred in assessing her RFC.

---

[4]*See also Grandowicz-Racz v. Comm'r of Soc. Sec.*, No. CV 18-11993, 2019 WL 4866154, at *6 (E.D. Mich. July 12, 2019), *adopted*, 2019 WL 4071921 (E.D. Mich. Aug. 29, 2019).

> The Court is troubled that counsel for Grandowicz-Racz relies increasingly on the same rejected arguments and outdated, superseded or otherwise invalid regulations and rulings in her briefing. Courts in this district have imposed sanctions against attorneys engaging in the lamentable practice of filing cookie-cutter briefs devoid of factual or legal support. **Counsel is warned that, if she files briefs after the date of this report and recommendation that rely on patently frivolous arguments, this Court will recommend sanctions against her**.

(Internal citations omitted, emphasis in original).

11

**B.**

Citing SSR 96-8p, Garcia separately argues that the "ALJ erred where there is absolutely no support for the ALJ's assessment and is merely conclusory." [ECF No. 13, PageID.626]. She asserts that the ALJ played doctor by rendering an RFC without relying on a medical provider's RFC. [Id., PageID.13]. But, contrary to Garcia's claim that the ALJ offered no support for his assessment, the ALJ provided a detailed analysis with record citations to support his RFC analysis. [ECF No. 7-2, PageID.53-58]. Garcia makes no effort to show any specific error with the ALJ's analysis.

And courts have repeatedly rejected the same argument from Garcia's attorney that the ALJ must adopt a medical provider's RFC. For example, when rejecting that argument in *Sanders v. Comm'r of Soc. Sec.*, the court explained:

> 'An ALJ does not improperly assume the role of a medical expert by weighing the medical and non-medical evidence before rendering an RFC finding.' *Coldiron v. Comm'r of Soc. Sec.,* 391 Fed.Appx. 435, 439 (6th Cir. 2010). The ALJ may adopt an opinion of a medical or non-medical source in whole or in part if he finds that it is supported by and not inconsistent with the other substantial evidence of record. But '[a]n ALJ has no obligation to conform his RFC finding to a physician's RFC assessment; as the Sixth Circuit has repeatedly noted, such a requirement "would, in effect, confer upon the treating source the authority to make the determination or decision about whether an individual is under a disability, and thus would be an abdication of the Commissioner's statutory responsibility to determine whether an individual is disabled."' *Wagner v.*

12

> *Comm'r of Soc. Sec.*, No. 15-11553, 2016 WL 1729553, at *12 (E.D. Mich. Mar. 22, 2016), *report and recommendation adopted,* No. 15-11553, 2016 WL 1721049 (E.D. Mich. Apr. 29, 2016) (quoting *Rudd v. Comm'r of Soc. Sec.*, 531 F. Appx 719, 728 (6th Cir. 2013) (quoting SSR 96–5p, 1996 WL 374183 (July 2, 1996))). Essentially, at all times the ultimate responsibility for fashioning the RFC rests with the ALJ, who has an obligation to determine the RFC based on the evidence he finds credible. Plaintiff's argument therefore fails in this regard.

No. 16-CV-13952, 2018 WL 2181096, at *6 (E.D. Mich. Jan. 23, 2018), *adopted*, 2018 WL 1531595 (E.D. Mich. Mar. 29, 2018). *See also Spuhler v. Colvin*, No. 2:13-CV-12272, 2014 WL 4856153, at *4 (E.D. Mich. Sept. 30, 2014) (rejecting argument from Garcia's attorney that "in the absence of any medical opinion on the record, the ALJ could not determine her RFC.").

## C.

Garcia also argues that the ALJ violated the treating physician rule, which require an ALJ to give controlling weight to a treating source's opinion if it is "is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record." 20 C.F.R. § 416.927(c)(2); *Gentry*, 741 F.3d at 723, 727-29; *Rogers*, 486 F.3d at 242-43.[5] An ALJ

---

[5] Under new administrative rules, ALJs will weigh both treating and non-treating medical evaluations based on how well they are supported by the remainder of the record. 20 C.F.R. §416.920c. *Wolfe v. Comm'r. of Soc. Sec.*, 2017 WL 6627044, at *7 (E.D. Mich. Nov. 26, 2017), adopted, 2017 WL 6621538 (E.D. Mich. Dec. 28, 2017). The new rules, however, apply

who decides to give less than controlling weight to a treating physician's opinion must give "good reasons" for doing so; "these reasons must be supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight." *Gayheart v. Comm'r. of Soc. Sec.*, 710 F.3d 365, 376 (6th Cir. 2013).

In the opinion at issue, Dr. Purohit assessed Garcia with marked limitations in maintaining social functioning and in maintaining concentration, persistence or pace; and with moderate limitations in relating to others, interacting with supervisors, dealing with work stress, performing simple job instructions, and performing predictably in social situations. [ECF No. 7-8, PageID.564-565]. Dr. Purohit's opinion referred to now outdated criteria for mental functioning under mental disorders listings. 20 C.F.R. Pt. 404, Subpt. P, App.1, 1200 (2016). The changes in the current version include removing the criteria called "social functioning" and

---

only to claims filed on or after March 17, 2017. *Id.* Because Noland filed her claim well before March 17, 2017, the "treating physician rule" still applies. SSR 96-2.

14

"activities of daily living," and adding criteria called "interact with others" and "adapt or manage oneself." 20 C.F.R. Pt. 404, Subpt. P, App.1, 1200.E (2019).[6]

> When giving little weight to Dr. Purohit's opinion, the ALJ reasoned:
>
> The undersigned accords little weight to the opinion of the claimant's treating mental health physician who, despite finding marked limitation in some areas of functioning, concluded the claimant was mildly-to-moderately limited in her ability to perform simple job instructions, function independently, relate to co-workers, use judgment, follow work rules, maintain emotional stability, and demonstrate reliability. Likewise, the physician assessed the claimant using the prior, inapplicable listing criteria and concluded the claimant was not limited in performing activities of daily living, but was markedly limited in maintaining social functioning and sustaining concentration, persistence, and pace. The undersigned finds the claimant's ability to interact with others, perform work as a cashier during the period of alleged disability, sustain attention to care for her son, drive, and manage her finances, and perform simple job instructions fail to connote marked limitations in any area of functioning. Rather, such functionality supports her ability to perform simple work as described in the above residual functional capacity.

[ECF No. 7-2, PageID.57 (internal citations omitted)].

Garcia argues that the ALJ erred by citing the outdated criteria as a reason to give little weight to Dr. Purohit's opinion; she notes that the old and new criteria overlap. [ECF No. 13, PageID.625]. The Court finds

---

[6] *See also* https://soarworks.prainc.com/article/ssa-revises-mental-disorder-listings (last visited on November 26, 2019).

15

Garcia's argument misplaced because the ALJ did not give little weight to Dr. Purohit's opinion *because* it evaluated the old criteria. Instead, the Court infers that the ALJ was merely explaining that Dr. Purohit had used outdated criteria—"activities of daily living" and "social functioning." [ECF No. 7-2, PageID.57]. The Court reads the ALJ's statement that, "[l]ikewise, the physician assessed the claimant using the prior, inapplicable listing criteria," as referring to the fact that the state agency psychological consultant had also used the prior listing criteria. [*Id.*].

As quoted above, when giving little weight to Dr. Purohit's opinion, the ALJ reasoned that it was internally inconsistent and that evidence the ALJ specified did not support a finding that she was markedly limited in any area of functioning. [*Id.*]. Garcia made no argument that this reasoning was erroneous. Thus, even if the ALJ did rely in part the fact that Dr. Purohit applied the old criteria, Garcia has waived any argument that the ALJ did not otherwise cite good reasons for giving the opinion little weight. *McPherson*, 125 F.3d at 995–96.

### III. CONCLUSION

For the reasons stated above, the Court **RECOMMENDS** that Garcia's motion [ECF No. 15] be **DENIED**; that the Commissioner's motion [ECF No. 18] be **GRANTED**; and that the ALJ's decision be **AFFIRMED**.

|  |  |
|---|---|
| Dated: November 27, 2019 | s/Elizabeth A. Stafford<br>ELIZABETH A. STAFFORD<br>United States Magistrate Judge |

## NOTICE TO THE PARTIES REGARDING OBJECTIONS

Either party to this action may object to and seek review of this Report and Recommendation, but must act within fourteen days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991)*; United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing objections which raise some issues but fail to raise others with specificity will not preserve all objections that party might have to this Report and Recommendation. *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). A copy of any objection must be served upon this Magistrate Judge. E.D. Mich. LR 72.1(d)(2).

Each **objection must be labeled** as "Objection #1," "Objection #2," etc., and **must specify** precisely the provision of this Report and Recommendation to which it pertains. Not later than fourteen days after service of objections, **the non-objecting party must file a response** to

17

the objections, specifically addressing each issue raised in the objections in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc. The response must be **concise and proportionate in length and complexity to the objections**, but there is otherwise no page limitation. If the Court determines that any objections are without merit, it may rule without awaiting the response.