UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARY GARCIA,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
                                 /

Case No. 2:18-cv-13487

HONORABLE STEPHEN J. MURPHY, III

# OPINION AND ORDER
# OVERRULING PLAINTIFF'S OBJECTION [20],
# ADOPTING REPORT AND RECOMMENDATION [19],
# DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [13],
# AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [18]

The Commissioner of the Social Security Administration ("SSA") denied Plaintiff Mary Garcia's application for supplemental security income and disability insurance benefits in a decision issued by an Administrative Law Judge ("ALJ"). ECF 7-2, PgID 60. After the SSA Appeals Council declined to review the ruling, Garcia appealed. ECF 1. The Court referred the matter to Magistrate Judge Elizabeth Stafford, and the parties filed cross-motions for summary judgment. ECF 3, 13, 18. The magistrate judge issued a report and recommendation ("Report") suggesting that the Court deny Garcia's motion and grant the Commissioner's motion. ECF 19. Garcia timely filed an objection to the Report. ECF 20. After examining the record and considering Garcia's objection de novo, the Court concludes that her arguments lack merit. Accordingly, the Court will overrule the objection, adopt the Report's findings,

1

deny Garcia's motion for summary judgment, and grant the Commissioner's motion for summary judgment.

## BACKGROUND

The Report properly details the events giving rise to Garcia's action against the Commissioner. ECF 19, PgID 674–77. The Court will adopt that portion of the Report.

## LEGAL STANDARD

Civil Rule 72(b) governs the review of a magistrate judge's report. The Court's standard of review depends upon whether a party files objections. The Court need not undertake any review of portions of a Report to which no party has objected. *Thomas v. Arn*, 474 U.S. 140, 149–50 (1985). De novo review is required, however, if the parties "serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). In conducting a de novo review, "[t]he district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

Individuals who receive an adverse final decision from the Commissioner may appeal the decision to a federal district court. 42 U.S.C. § 405(g). When reviewing a case under § 405(g), the Court "must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence in the record." *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997) (citations omitted).

Substantial evidence consists of "more than a scintilla of evidence but less than a preponderance" such that "a reasonable mind might accept [the evidence] as adequate to support a conclusion." *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994) (citation omitted). An ALJ may consider the entire body of evidence without directly addressing each piece in his decision. *Loral Def. Sys.–Akron v. N.L.R.B.*, 200 F.3d 436, 453 (6th Cir. 1999) (citation omitted). "Nor must an ALJ make explicit credibility findings as to each bit of conflicting testimony, so long as his factual findings as a whole show that he implicitly resolved such conflicts." *Id.* (internal quotations and citation omitted) (alteration omitted).

## DISCUSSION

Garcia raises only one objection to the Report. She argues that the magistrate judge "erred when she found that the ALJ's decision was supported by substantial evidence." ECF 20, PgID 693. Specifically, she argues that the ALJ "misconstrued" and "overlooked" certain evidence when he "incorrectly determined that [Garcia] was capable of performing a wide range of work." *Id.* at 693, 695.

Garcia's objection lacks merit. The ALJ did not misconstrue or overlook the evidence. Rather, he viewed the record in its entirety and found certain evidence more credible than other evidence. Making those determinations is the role of the ALJ. And although the ALJ must consider the entire record, he has no requirement to make explicit credibility findings as to each individual piece of evidence. *See Loral Def. Sys.–Akron*, 200 F.3d at 453. The ALJ reviewed Garcia's testimony and allegations and the statements from her treating physician, Dr. Purohit, and found that such

evidence should be afforded less weight because of inconsistencies in the record and the substantial amount of evidence that contradicted those allegations and opinions. *See* ECF 7-2, PgID 53–58. Garcia's objection is merely a disagreement with how the ALJ weighed and viewed the medical evidence in the record. But the ALJ's determination, as the magistrate properly found, is supported by substantial evidence.

Moreover, to the extent that Garcia is merely rehashing the same argument from her motion for summary judgment, her objection is improper. The magistrate judge sufficiently addressed and properly rejected that argument in her Report. *See Bentley v. Colvin*, No. 16-11314, 2017 WL 3768941, at *2 (E.D. Mich. Aug. 31, 2017). The ALJ cited to numerous portions of Garcia's medical records and provided a detailed analysis of the entire record before him when he determined Garcia's work capabilities. *See* ECF 7-2, PgID 53–58. The Court will therefore overrule Garcia's objection.

**CONCLUSION**

The Court has carefully reviewed the parties' motions, the Report, and Garcia's objection. For the foregoing reasons, the Court finds Garcia's objection unconvincing and agrees with the Report's recommendation to grant the Commissioner's motion for summary judgment and deny Garcia's motion for summary judgment.

**ORDER**

**WHEREFORE**, it is hereby **ORDERED** that Garcia's objection [20] is **OVERRULED**.

**IT IS FURTHER ORDERED** that the magistrate judge's report and recommendation [19] is **ADOPTED**.

**IT IS FURTHER ORDERED** that Garcia's motion for summary judgment [13] is **DENIED**.

**IT IS FURTHER ORDERED** that the Commissioner's motion for summary judgment [18] is **GRANTED**.

**SO ORDERED.**

s/ Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: February 27, 2020

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on February 27, 2020, by electronic and/or ordinary mail.

s/ David Parker
Case Manager